UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ERIC JONES,

    Petitioner,                               Civil Action No. 15-cv-14434

v.                                          HON. MARK A. GOLDSMITH

DUNCAN MACLAREN,

    Respondent,
_____/

## OPINION AND ORDER
## TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. INTRODUCTION

Petitioner Charles Eric Jones, confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 2002 conviction out of the Saginaw County Circuit Court for armed robbery, Mich. Comp. Laws § 750.529; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. Because Petitioner's habeas petition is a successive challenge to these convictions, the Court must transfer this case to the Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), for a determination of whether Petitioner should be permitted to file a successive habeas petition.

### II. BACKGROUND

Petitioner previously filed a petition for writ of habeas corpus, in which he challenged his 2002 convictions out of the Saginaw County Circuit Court. The petition was denied on the merits. See Jones v. Howes, No. 07-12958, 2010 WL 427998 (E.D. Mich. Jan. 28, 2010), appeal

dismissed, No. 10-1220 (6th Cir. Jan. 4, 2011) (unpublished), cert. denied, 132 S. Ct. 303 (2012).

Petitioner has now filed a second petition for writ of habeas corpus, in which he again seeks relief from his 2002 convictions.

### III.  DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998).  Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals, no matter how meritorious the district court believes the claim to be. Id. at 971; see also In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function, which the district court previously would have performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a habeas petition with the federal courts.  Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition, if it had been dismissed without prejudice on exhaustion grounds, see Harris v. Stovall, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's first habeas application

2

was denied on the merits. This current habeas petition would, therefore, be a second or successive petition for a writ of habeas corpus, and Petitioner would be required to obtain a certificate of authorization from the Sixth Circuit before he could proceed in this Court with his petition for a writ of habeas corpus. Id.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue sua sponte, because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See Williams v. Stegall, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether Petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. See In Re McDonald, 514 F.3d 539, 543-544 (6th Cir. 2008).

## IV. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit.

SO ORDERED.

Dated: January 20, 2016              s/Mark A. Goldsmith  
    Detroit, Michigan            MARK A. GOLDSMITH  
                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 20, 2016.

                                          s/Karri Sandusky
                                          Case Manager